UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THORNE HUCK and YVONNE HUCK,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>        Defendants. | 3:09-CV-553 JCM (VPC) |

**ORDER**

Presently before the court are plaintiffs Thorne and Yvonne Huck's (hereinafter "plaintiffs") motion to remand to state court (Doc. #2) and motion to stay (Doc. #3). Also before the court is defendants Bank of America Corporation, N.A., Countrywide Financial Corp., Countrywide Home Loans, Inc., Recontrust Company, N.A., and Kumud Patel's's motion to dismiss (Doc. #4).

Plaintiffs filed this lawsuit in the Third Judicial District Court in the state of Nevada on September 23, 2009. (Doc. #1). Defendants Countrywide Financial Corp. and Bank of America Corporation properly removed this case to this court. *Id.* Plaintiffs' claims alleged misconduct in the loan and foreclosure process, including allegations that defendants used the registry system, developed by MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc. (Collectively "MERS"), to profit from making predatory loans to borrowers and to hide the identity of lenders and investors related to the loan. *Id.*

The judicial panel on multidistrict litigation ("JPML" ) consolidated this case (and others)

**James C. Mahan**
**U.S. District Judge**

1  into the *In re Mortgage Electronic Registration Systems, Inc. ("MERS") MDL*, (MDL No. 2119).
2  *See In re MERS Litig,* 659 F.Supp. 2d 1368, 1371 (J.P.M.L. Dec. 7, 2009) (transferring, in part,
3  pretrial proceedings to Judge James Teilborg of the District of Arizona). In its transfer order, the
4  JPML transferred only claims relating to the "formation and operation of MERS," while the
5  remaining claims were remanded to this court.

### A. Motion to Remand to State Court and Motion to Stay

Plaintiffs assert that the present case was improperly removed to this court because the claims asserted in the complaint are not governed by federal law. Under 28 U.S.C. § 1441(b), this court has original jurisdiction over claims that arise under federal law. Furthermore, claims brought under state law "arise under" federal law if the state law claim turns on a substantial question of federal law. *Ultramar America, Ltd. V. Dwell,* 900 F.2d 1412, 1414 (9th Cir. 1990). This court finds that plaintiff's claims arise under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2602, and the Truth in Lending Act (TILA) 15 U.S.C. § 1601. Furthermore, plaintiffs' complaint asserts that the claims noted above also violate the Federal Fair Housing Act and the Troubled Asset Relief Program. Therefore, this court finds that removal to this court was proper.

Plaintiffs also requested that the case be stayed until the motion to remand is addressed by this court. In light of the above, this court finds that the motion to stay is moot.

### B. Motion to Dismiss

Defendants seek to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. See fed. R. Civ. P. 12(b)(6). A complaint that lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory may be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The Supreme Court has held that a complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Thus, a plaintiff must plead ore than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n.5.

However, this court finds that the claims listed in plaintiffs' second amended complaint

**James C. Mahan**
**U.S. District Judge**

1 allege that the defendants acted in concert with MERS. Furthermore, to date, the court presiding
2 over the MDL case has not entered an order indicating which specific claims are remanded to this
3 court, as has been done in other cases. Therefore, this court will deny the defendant's' motion to
4 dismiss, without prejudice.
5     Accordingly,
6     IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiffs' motion to remand
7 (Doc. #2) be, and the same hereby is, DENIED.
8     IT IS FURTHER ORDERED that plaintiffs' motion to stay (Doc. #3) is DENIED as moot.
9     IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #4) is DENIED
10 without prejudice.
11     DATED July 30, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -