UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THORNE HUCK and YVONNE HUCK,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>　　　　　Defendants. | 3:09-CV-553 JCM (VPC) |

**ORDER**

Presently before the court is defendants Countrywide Home Loans, Inc.'s ("Countrywide"), Kumad Patel's, Countrywide Financial Corp.'s, Mortgage Electronic Registration Systems, Inc.'s ("MERS"), Bank of America, N.A.'s, and ReconTrust Company, N.A.'s motion to dismiss plaintiffs Thorne and Yvonne Huck's second amended complaint for failure to state a claim for which relief may be granted. (Doc. #45). Plaintiffs filed an opposition (doc. #46), and defendants submitted a reply (doc. #47).

The immediate dispute concerns a wrongful foreclosure lawsuit filed by the plaintiffs, who admit defaulting on their loan obligations, but nonetheless seek to stop foreclosure of the properties securing the loans. Plaintiffs borrowed over $300,000.00 from Countrywide to purchase the two homes in Fallon, Nevada, and both loans were secured by deeds of trust with defendant ReconTrust serving as trustee.

Plaintiffs filed the instant complaint on August 21, 2009, alleging that MERS conspired with

**James C. Mahan**
**U.S. District Judge**

1  other defendants to bait plaintiffs into contracting for loans for which they were not qualified, with
2  the "conspirators" hoping to eventually foreclose on the subject properties. (Doc. #1, ¶ 8E). The
3  case was transferred to the Judicial Panel on Multi-District Litigation ("MDL") which reviewed the
4  complaint and remanded the following claims to this court: breach of the covenant of good faith
5  (count 6); and parts of claims for injunctive relief (count 1), declaratory relief (count 2), violation
6  of the FDCPA (count 3), violation of unfair and deceptive trade practice statutes (count 4), unfair
7  lending under N.R.S. § 598D (count 5) and unjust enrichment (count 14). These remanded claims
8  are the subject of the instant motion to dismiss.

9  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
10  as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937,
11  1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Untenable legal
12  conclusions, unsupported characterizations, and bald contentions are not well-pleaded allegations
13  and will not defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th
14  Cir. 2001). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability,
15  it 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Id*. (citing
16  *Bell Atlantic*, 550 U.S. at 557).

17  1.   Claims 1, 2, 5, 14

18    Defendants argue that plaintiffs have consented to the dismissal of their claims for injunctive
19  and declaratory relief (counts 1 and 2), violation of N.R.S. § 598.0923(3) and 598D (counts 4 and
20  5), and unjust enrichment (count 14), because "they offer no opposition to rebut [d]efendants'
21  arguments for dismissal." (Doc. #47, pg. 2).

22    The court agrees in part. "The failure of an opposing party to file points and authorities in
23  response to any motion shall constitute a consent to the granting of the motion." Local Rule 7-2(d).
24  Even a liberal reading of plaintiffs'' opposition reveals that plaintiffs failed to address the
25  defendants' arguments as to claims 1, 2, 5, and 14. Thus, those claims are dismissed without

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  prejudice,[1] and the court now addresses the remaining claims.

2  2.     Claim 3

3       Plaintiffs third claim alleges that defendants violated the FDCPA because they failed to
4  include certain information in the notice of default. (Doc. #46, pg. 10). Specifically, plaintiffs argue
5  the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), as incorporated into
6  N.R.S. § 649.370, when they foreclosed on the plaintiffs' properties without first obtaining a debt
7  collector's license.

8       Under the FDCPA, a debt collector is one who collects the debt of another. 15 U.S.C. §
9  1692(a)(6). This court agrees with other courts in the Ninth Circuit that notices of default do not
10 qualify as debt collection. *See Maynard v. Cannon*, 650 F. Supp. 2d 1138, 1142 (D. Utah 2008)
11 (finding that servicing a notice of default is not subject to FDCPA regulation). Here, defendants are
12 not debt collectors under the FDCPA. Neither Countrywide as the loan originator, ReconTrust as
13 the original trustee, MERS as the nominee for the beneficiary, or Mr. Patel as an employee of
14 Countrywide, can be considered debt collectors under the statute because none of these parties
15 participated in acts constituting debt collection. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F.
16 App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah
17 2009) (determining "that a loan servicer . . . is only a 'debt collector' within the meaning of the
18 FDCPA if it acquires the loan after it is in default"); *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d
19 1188, 1204 (D. Or. 2002) (holding that merely foreclosing on a property pursuant to the deed of trust
20 without collecting debt does not fall within the terms of the FDCPA.)

21      Defendants initiated foreclosures on both properties by filing notices of default and no
22 defendant acquired the loan after default. Thus, no acts constituting debt collection have been
23 alleged. Also, regardless of whether any defendant is a debt collector under the statute, a non-
24 judicial foreclosure is not debt collection and cannot be the basis of a FDCPA violation. *See Hulse*,
25 195 F. Supp. 2d at 1204 (non-judicial foreclosure is not debt collecting for purposes of FDCPA).

---

[1] The court also notes that it has considered *Ghazali v. Moran* and finds dismissal appropriate after weighing the plaintiff's failure to respond against the factors set forth therein. 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Thus, the court dismisses plaintiffs' claim under the FDCPA without prejudice.

2  3.  <u>Claim 4</u>

3  Plaintiffs' next claim alleges defendants violated Nevada's deceptive trade practice statute
4  in conducting a non-judicial foreclosure without the required business licenses. Plaintiffs point to
5  N.R.S. § 598.0923(1), which makes It Is a deceptive trade practice to conduct business in the State
6  of Nevada without all required state, county or city licenses. *See* N.R.S. § 598.0923(1). However,
7  recording a notice of default does not require a business license. *Karl v. Quality Loan Serv. Corp.*,
8  759 F. Supp. 2d 1240, 1248 (D. Nev. 2010) (finding that "[s]ecuring or collecting debts or enforcing
9  mortgages and security interests in property securing the debts" does not constitute "doing business"
10 in Nevada under NRS 80.015(h)). Thus, plaintiffs attempt to circumvent this rule by arguing that
11 it was a deceptive trade practice for ReconTrust to initiate foreclosure without a foreign debt
12 collector's license under the FDCPA.

13 The court disagrees. This court agrees with other courts in the Ninth Circuit that held that
14 a non-judicial foreclosure is not an attempt to collect a debt under the FDCPA, and thus, non-judicial
15 foreclosures cannot violate the FDCPA. *See Mansour v. Cal-Western Reconveyance Corp.*, 618 F.
16 Supp. 2d 1178, 1182 (D. Ariz. 2009) ("The [c]ourt . . . finds that the non-judicial foreclosure
17 proceeding . . . is not an attempt to collect a 'debt' for FDCPA purposes"); *Hulse*, 195 F. Supp. 2d
18 at 1204 ("the activity of foreclosing on the property pursuant to a deed of trust is not the collection
19 of a debt within the meaning of the FDCPA"). However, plaintiffs have also alleged that MERS,
20 the nominee for the beneficiary, authorized ReconTrust to initiate foreclosure. (Doc. 45, ex. 1). This
21 claim is outside this court's jurisdiction. When the MDL court issued the remand, it specifically
22 excluded all claims and parts of claims that "relate to the formation and/or operation" of the MERS
23 system. (Doc. 43, pg 2). Because this claim relates to the operation of MERS, the court finds that
24 it remains under the jurisdiction of the MDL panel.

25 4.  <u>Claim 6</u>

26 Plaintiffs' remaining claim alleges that defendants breached the implied covenant of good
27 faith and fair dealing. Plaintiffs assert that when defendants invited the plaintiffs to negotiate a loan

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  modification, denied it, and promised to postpone the foreclosure while defendants reconsidered that
2  denial, defendants breached the covenant. (Doc. #46, pg. 12). Plaintiffs also claim that defendants
3  did not disclose that the loan was made based on future equity in the home. *Id*.

4  "Under Nevada law, '[e]very contract imposes upon each party a duty of good faith and fair
5  dealing in its performance and execution .'" *A.C. Shaw Constr. v. Washoe* County, 784 P.2d 9, 9
6  (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). Negotiations, or invitations to
7  negotiate, are not contracts. *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). The
8  defendants urge the court to dismiss this claim, arguing a breach arose during negotiations to modify
9  the underlying loans rather than from the formation of an actual contract on the loan modification.
10 (Doc. #45, pg. 11).

11  The court agrees. A party cannot breach a contractual covenant of good faith if there is no
12  contract. *Awada v. Shuffle Master, Inc.*, 173 P.3d 707, 714 (Nev. 2007) (en banc). Here, plaintiffs
13  admitted defendants denied the loan modification and no contract was ever executed. (Doc. #46, pg.
14  12). Accordingly, the court finds that this claim must be dismissed.

15  Accordingly,

16  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
17  dismiss (doc. #45), is GRANTED as claims one, two, three, four, five, six, fourteen as set forth in
18  the body of this order.

19  DATED July 29, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -